An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DESHAWN THOMAS,
Appellant,
vs.
ROBERT G. LUCHERINI,
Respondent.

No. 65021

**FILED**

JUN 09 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a proper person appeal from a district court order statistically closing a case and a subsequent decision to vacate a hearing on appellant's motion for NRCP 60(b) relief from the statistical closure order. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Our review of this appeal reveals a jurisdictional defect. With regard to appellant's challenge to the district court's statistical closure order, that order directs the district court clerk to statistically close the underlying case, with the basis for the statistical closure denominated as "Motion to Dismiss (by Defendant)." As noted in *Brown v. MHC Stagecoach, LLC*, 129 Nev. ___, ___, 301 P.3d 850, 852 (2013), which addressed a largely identical statistical closure order, such orders do not actually dismiss or otherwise resolve a pending district court case, but merely direct the district court clerk to statistically close the case. Thus, such statistical closure orders do not constitute final, appealable judgments as contemplated by NRAP 3A(b), and we therefore lack jurisdiction to consider appeals from such orders. *Id.* at ___, 301 P.3d at 852-53; *see also Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417

SUPREME COURT
OF
NEVADA

(O) 1947A

14-18676

(2000) (noting that a final order or judgment must "dispose[ ] of all the issues presented in the case, and leave[ ] nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs").

With regard to the district court's decision to vacate the hearing on appellant's motion for NRCP 60(b) relief from the statistical closure order, because no final judgment has been entered and no statute or other court rule provides for an appeal from such a determination, *see* NRAP 3A(b) (setting forth orders and determinations for which an appeal may be taken), we likewise lack jurisdiction to consider appellant's appeal from this decision. Accordingly, because we lack jurisdiction over this matter, we necessarily dismiss this appeal. Once the district court enters a final, appealable judgment, however, appellant, if aggrieved, may appeal from that decision.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Adriana Escobar, District Judge
Deshawn Lamont Thomas
Robert G. Lucherini, Chtd.
Eighth District Court Clerk